I must respectfully dissent. The majority indicates that Argo may not now argue the issue of whether the trial court erred in its finding of contempt because "Argo did not appeal the trial court's judgment holding [it] in contempt of court." However, *Page 1081 
an examination of the record reveals that while the trial court issued an order finding Argo in contempt on August 13, 1991, the order also provided that the court would defer the issue of attorney fees pending the supreme court's ruling in Ex parteCowgill, 587 So.2d 1002 (Ala. 1991). The trial court did not make an express determination that "no just reason for delay" existed. Because all claims, rights, and liabilities had not been adjudicated at the time, the order of August 13, 1991, was not an appealable final judgment. See Rule 54(b), Alabama Rules of Civil Procedure.
On September 24, 1991, following the release ofCowgill, Rich filed a motion for an award of attorney fees. The trial court entered an order granting this motion on October 1, 1991, and in doing so, completed the adjudication of all claims, rights, and liabilities. On October 24, 1991, Argo filed a motion to alter, amend, or vacate the trial court's order. It is apparent from a review of this motion that Argo continued to contest the trial court's finding that it acted contumaciously in disputing its obligation to pay Rich's medical bills. Argo's motion was overruled on November 5, 1991. At that time, Argo had 42 days to file an appeal. Argo filed its notice of appeal on November 7, 1991.
I have outlined the procedural background of this case because it is necessary to establish that the question of whether Argo's actions justified the trial court's finding of contempt is still a "live" issue for our consideration on appeal. Since I am convinced that it is, I must disagree with the majority's statement that the dispositive issue before this court is simply whether a finding of willful and contumacious conduct may give rise to an award of an attorney's fee in workers' compensation cases such as this. That issue is a dependent and secondary issue to the issue of whether Argo's conduct was indeed willful and contumacious.
In my analysis of the primary issue, I find that the record reveals that the disputed medical bills were related to a neck condition that began over three years after the on-the-job injury. There appears to be a good-faith assertion of a legitimate factual dispute as to the cause of this condition. The deposition of Dr. Swaid N. Swaid, a neurosurgeon who first treated Rich in January 1989, contains medical records from the anesthesiologist who attended to Rich after his admission to the hospital in 1989. An entry dated January 21, 1989, states that Rich "[f]ell one week ago." There is no suggestion that Rich complained of neck pain for the three years prior to the 1989 incident. If Rich's neck condition occurred immediately upon a non-employment related fall, Argo would seem to have some reason to dispute whether an accident occurring more than three years prior caused the new complaints of neck pain. Moreover, Dr. Swaid, who performed surgery on Rich's neck, testified that he had no opinion as to whether the operation he performed in 1989 was, with any degree of medical probability, related to the 1985 injury. Further, Dr. James Wise stated in his affidavit, which was based on his review of Rich's medical records, that he believed Rich's neck pain in 1989 was not related to the 1985 incident. While Rich did present testimony from a physician who believed there might be a causal relation between the 1985 accident and the 1989 pain, I feel that the evidence shows that Argo had, at the very least, a legitimate and arguable reason for opposing Rich's request for payment of the 1989 medical expenses. In view of this, I would find that the trial court erred in finding Argo to be in contempt.
This court has previously noted the absence in our workers' compensation statute of a provision for the assessment of attorney fees for obtaining medical expenses that are found to be related to the original on-the-job injury. The legislature has not seen fit to broaden the workers' compensation statute, and regardless of our view of the fairness of this, we must give effect to the plain language of statute as enacted by the legislature. A consequence of this statutory "gap" may be the tendency for trial courts to find "willful and contumacious" conduct on the part of the employer whenever there is an ultimate determination that the contested medical expenses are owed. I sympathize with those workers who find it necessary to employ the services of an attorney to return to court to *Page 1082 
obtain payment of medical expenses and am not unaware of the position of disadvantage that employees sometimes find themselves in when an employer challenges such expenses. However, I feel this court cannot disregard legitimate challenges by employers, such as in the instant case.
Based on the foregoing, I would pretermit as unnecessary a discussion of the dependent or secondary issue. However, because the majority has found the issue to be dispositive, I will address it. The supreme court stated in Cowgill that, upon a showing that an employer has acted in "bad faith" in disputing requested medical expenses, a trial court may invoke its equitable powers to award attorney fees to a workers' compensation claimant. Cowgill, 587 So.2d at 1004. It is evident to me that the definition of "bad faith" in this context is different from the meaning of the term as it is typically used in insurance cases, since the supreme court states that an employer's refusal to pay is in bad faith if it is done "willfully and contumaciously." Id. Therefore, conduct sufficient to support a finding of contempt may give rise to the assessment of attorney fees. However, as I have indicated above, I do not consider the finding of contempt to be justified in the instant case.
Because I am unable to conclude that Argo's challenge in the case sub judice was willful and contumacious, but was instead made in good faith, I would hold that the trial court erred in its award of attorney fees.